# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DO NO HARM**                                                                **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:24-CV-11-CWR-LGI**

**NATIONAL ASSOCIATION OF
EMERGENCY MEDICAL TECHNICIANS**                       **DEFENDANT**

## NAEMT'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW Defendant National Association of Emergency Medical Technicians ("NAEMT"), by counsel, and submits its Answer and Affirmative Defenses to Plaintiff's Verified Complaint [Dkt. No. 1] as follows:

### AFFIRMATIVE DEFENSES

1. NAEMT hereby affirmatively asserts all defenses available to it under Rules 12(b)(1) through 12(b)(7) of the *Federal Rules of Civil Procedure*.

2. Plaintiff's Verified Complaint fails to state a claim against NAEMT upon which relief can be granted. Therefore, Plaintiff's claims and Verified Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Plaintiff lacks standing to bring this action against NAEMT. Therefore, Plaintiff's claims and Verified Complaint should be dismissed with prejudice.

4. Plaintiff's anonymous "Member A" lacks standing to bring this action against NAEMT. Therefore, Plaintiff's claims and Verified Complaint should be dismissed with prejudice.

5. NAEMT is not subject to the Civil Rights Act or 42 U.S.C. § 1981. Therefore, Plaintiff's claims and Verified Complaint should be dismissed with prejudice.

6. The First Amendment of the United States Constitution protects NAEMT's conduct and the scholarship at issue because it is a form of protected speech and expressive conduct.

7. Congress creating 42 U.S.C. § 1981 sought to eradicate the Black Codes which discriminated and imposed a range of civil disabilities on freedmen. To the extent interpreting Section 1981 cannot square with the First Amendment, Section 1981 is unconstitutional.

8. Plaintiff's Verified Complaint should be dismissed on the grounds of waiver, estoppel, laches, release, accord and satisfaction, expiration of the applicable statute(s) of limitations and/or statutes of repose, and/or its failure to meet any and all other and further applicable filing deadlines.

9. To the extent Plaintiff has failed to comply with all conditions precedent and with all statutory requisites for filing the instant suit against NAEMT, its claims and Verified Complaint are barred.

10. To the extent Plaintiff has specifically and/or generally failed to exhaust any and all available administrative remedies prior to filing suit, its claims and Verified Complaint are barred and must be dismissed.

11. To the extent Plaintiff (or its anonymous "Member A") has failed to mitigate its alleged damages, all of which are denied, those damages should be denied and/or reduced accordingly.

12. Plaintiff's recovery of relief and/or damages, its entitlement to which is denied, is limited by applicable Federal and/or Mississippi law and/or the statutory caps and/or limitations found therein.

13. While denying that NAEMT took any action against Plaintiff or its anonymous "Member A" for which it may be liable, NAEMT expressly pleads that each and every action taken with respect to Plaintiff and its anonymous "Member A" (if any) was taken in good faith and for legitimate and lawful reasons. Further, each and every action taken by NAEMT with respect to Plaintiff and its anonymous "Member A" (if any) was taken in accordance with applicable Federal and/or Mississippi statutory and case law, and/or other applicable law.

14. NAEMT specifically reserves and/or invokes any and/or all defenses which are available or to which it is entitled pursuant to any applicable Federal and/or Mississippi policies, standards, regulations, laws, statutes, authorities and/or ordinances.

15. To the extent Plaintiff (or its anonymous "Member A") specifically and/or generally failed to comply with the statutory and/or other prerequisites for a lawsuit under the Civil Rights Act and/or 42 U.S.C. § 1981, those claims are barred and must be dismissed.

16. While not subject to the Civil Rights Act and/or 42 U.S.C. § 1981, NAEMT nevertheless reserves and hereby affirmatively asserts any and all defenses available to it under the Civil Rights Act and/or 42 U.S.C. § 1981.

17. To the extent Plaintiff (or its anonymous "Member A") has settled or should hereafter settle for any of its alleged damages with any person/entity, then NAEMT is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

18. Plaintiff's (and its anonymous "Member A") request for relief and/or damages, if any and which are denied, were caused by intervening and/or superseding causes over which NAEMT had no control, and is thus not liable.

19. NAEMT would show that any alleged injury or damage purportedly suffered by Plaintiff (or its anonymous "Member A") as a result of the events complained of, which are denied, were caused solely by reason of the conduct of Plaintiff (or its anonymous "Member A") or persons or entities for which NAEMT is neither responsible nor liable, and that all actions of NAEMT were, in every sense, lawful, proper and responsible and done in compliance with adopted policies and procedures. NAEMT specifically pleads the apportionment, contributory negligence, comparative negligence, and other provisions of *Miss. Code Ann.* § 85-5-7 and *Miss. Code Ann.* § 11-7-15.

20. Plaintiff is not entitled to an award of attorneys' fees, costs, and other expenses of litigation as a matter of law.

21. NAEMT reserves the right to amend this Answer to assert all defenses that discovery may reveal are appropriate.

## ANSWER

AND NOW, having set forth the above affirmative defenses, and without waiving and specifically asserting any and all other available and/or applicable defenses, NAEMT answers Plaintiff's Verified Complaint, paragraph by paragraph, as follows:

1. NAEMT specifically and only admits that the case law cited by Plaintiff speaks for itself. The remaining allegations of paragraph 1 are denied, specifically denying any and all liability in the premises.

2. NAEMT specifically and only admits that the "Code of Ethics" cited by Plaintiff

speaks for itself. The remaining allegations of paragraph 2 are denied, specifically denying any and all liability in the premises.

3. NAEMT denies the allegations contained in paragraph 3, specifically denying any and all liability in the premises.

4. NAEMT denies the allegations contained in paragraph 4, specifically denying any and all liability in the premises.

5. NAEMT specifically and only admits that the statute and/or case law cited by Plaintiff speaks for itself. The remaining allegations of paragraph 5 are denied, specifically denying any and all liability in the premises.

6. NAEMT specifically and only admits that the case law cited by Plaintiff speaks for itself. The remaining allegations of paragraph 6 are denied, specifically denying any and all liability in the premises.

## PARTIES[1]

7. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7. Therefore, the same are denied.

8. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8. Therefore, the same are denied.

9. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9. Therefore, the same are denied.

10. While denying any and all liability in the premises, NAEMT admits the allegations contained in paragraph 10.

---

[1] The headings herein are taken from Plaintiff's Verified Complaint and are being used solely for organizational purposes. To the extent such headings are allegations, they are denied.

**JURISDICTION AND VENUE**

11. While denying that Plaintiff or its anonymous "Member A" have standing, and while further denying that NAEMT is subject to the Civil Rights Act or 42 U.S.C. § 1981, NAEMT admits that this Court has subject matter jurisdiction.

12. While denying that Plaintiff or its anonymous "Member A" have standing, and while further denying that NAEMT is subject to the Civil Rights Act or 42 U.S.C. § 1981, NAEMT admits that venue is proper in this Court.

**FACTUAL ALLEGATIONS**

A. **NAEMT operates a race-based scholarship program.**

13. While denying any and all liability in the premises, NAEMT admits the allegations contained in paragraph 13.

14. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 14 are denied, specifically denying any and all liability in the premises.

15. NAEMT denies the allegations contained in paragraph 15 of Plaintiff's Verified Complaint, as stated.

16. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 16 are denied, specifically denying any and all liability in the premises.

17. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 17 are denied, specifically denying any and all liability in the premises.

18. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for

itself. The remaining allegations of paragraph 18 are denied, specifically denying any and all liability in the premises.

19. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 19 are denied, specifically denying any and all liability in the premises. NAEMT further specifically denies that its scholarship program is a contract.

20. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 20 are denied, specifically denying any and all liability in the premises.

21. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 21 are denied, specifically denying any and all liability in the premises.

22. NAEMT denies the allegations contained in paragraph 22 of Plaintiff's Verified Complaint, as stated.

23. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 23 are denied, specifically denying any and all liability in the premises.

24. NAEMT denies the allegations contained in paragraph 24 of Plaintiff's Verified Complaint, as stated.

**B. Do No Harm's white members are ineligible for NAEMT's diversity scholarship.**

25. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25. Therefore, the same are denied. NAEMT further specifically denies that "Member A" is or has been harmed by it in any way whatsoever.

26. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26. Therefore, the same are denied.

27. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27. Therefore, the same are denied.

28. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28. Therefore, the same are denied.

29. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29. Therefore, the same are denied.

30. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30. Therefore, the same are denied.

31. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31. Therefore, the same are denied.

32. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32. Therefore, the same are denied.

33. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33. Therefore, the same are denied.

34. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34. Therefore, the same are denied.

35. NAEMT denies the allegations contained in paragraph 35 of Plaintiff's Verified Complaint, as stated.

36. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36. Therefore, the same are denied.

37. NAEMT is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 37. Therefore, the same are denied.

38. NAEMT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38. Therefore, the same are denied.

## CLAIM FOR RELIEF

### COUNT
### Violation of the Civil Rights Act of 1866
### (42 U.S.C. § 1981)

39. NAEMT incorporates herein by reference each of its responses to paragraphs 1 through 38 of Plaintiff's Verified Complaint.

40. NAEMT specifically and only admits that the statute cited by Plaintiff speaks for itself. The remaining allegations of paragraph 40 are denied, specifically denying any and all liability in the premises.

41. NAEMT specifically and only admits that the case law cited by Plaintiff speaks for itself. The remaining allegations of paragraph 41 are denied, specifically denying any and all liability in the premises.

42. NAEMT specifically and only admits that the statute cited by Plaintiff speaks for itself. The remaining allegations of paragraph 42 are denied, specifically denying any and all liability in the premises.

43. NAEMT specifically and only admits that the statute and/or case law cited by Plaintiff speaks for itself. The remaining allegations of paragraph 43 are denied, specifically denying any and all liability in the premises.

44. NAEMT specifically and only admits that the statute and/or case law cited by Plaintiff speaks for itself. The remaining allegations of paragraph 44 are denied, specifically denying any and all liability in the premises.

45. NAEMT denies the allegations contained in paragraph 45 of Plaintiff's Verified Complaint, specifically denying any and all liability in the premises.

46. NAEMT denies the allegations contained in paragraph 46 of Plaintiff's Verified Complaint, specifically denying any and all liability in the premises.

47. NAEMT specifically and only admits that Exhibit A cited by Plaintiff speaks for itself. The remaining allegations of paragraph 47 are denied, specifically denying any and all liability in the premises.

48. NAEMT denies the allegations contained in paragraph 48 of Plaintiff's Verified Complaint, specifically denying any and all liability in the premises.

49. NAEMT denies the allegations contained in paragraph 49 of Plaintiff's Verified Complaint, as stated, specifically denying any and all liability in the premises.

50. NAEMT denies the allegations contained in paragraph 50 of Plaintiff's Verified Complaint, as stated, specifically denying any and all liability in the premises.

51. NAEMT denies the allegations contained in paragraph 51 of Plaintiff's Verified Complaint, specifically denying any and all liability in the premises.

## PRAYER FOR RELIEF

NAEMT denies the allegations and requests for relief and/or damages in Plaintiff's "Prayer for Relief," including subsections A. through F., specifically denying any and all liability in the premises, specifically denying that Plaintiff or its anonymous "Member A" are entitled to the recovery of any relief and/or damages whatsoever, and demanding strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant National Association of Emergency Medical Technicians respectfully requests that this Answer and Affirmative

Defenses be deemed good and sufficient and that after due proceedings, there be a judgment in its favor, with full prejudice and at Plaintiff's costs.

RESPECTFULLY SUBMITTED, this the 29th day of February, 2024.

> **NATIONAL ASSOCIATION OF EMERGENCY MEDICAL TECHNICIANS**
>
> By:   */s/ R. Jarrad Garner*
> R. Jarrad Garner (MSB #99584)
> Mary Clark Joyner (MSB #105954)
> Adams and Reese LLP
> 1018 Highland Colony Parkway, Suite 800
> Ridgeland, Mississippi 39157
> (p) 601-353-3234
> (f) 601-355-9708
> jarrad.garner@arlaw.com
> maryclark.joyner@arlaw.com
>
> *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, hereby certify that I filed the foregoing document with the Clerk of the Court using the ECF electronic filing system, which sent notification of such filing to all counsel of record.

This the 29th day of February, 2024.

> */s/ R. Jarrad Garner*
> R. Jarrad Garner

11