# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

DO NO HARM,

*Plaintiff*,

v.

NATIONAL ASSOCIATION
OF EMERGENCY MEDICAL
TECHNICIANS,

*Defendant*.

Case No. 3:24-cv-11-CWR-LGI

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Just this week, the Eleventh Circuit preliminarily enjoined another race-based grant program under §1981. *See Am. All. for Equal Rts. v. Fearless Fund*, 2024 WL 2812981 (June 3, 2024). Along the way to granting the association there a preliminary injunction, the Eleventh Circuit's decision in *Fearless Fund* rejects many of the grounds for dismissal that NAEMT presses here. Six points stand out.

**1.** While NAEMT claims that Article III bans associations from referring to their members with pseudonyms, Mot. (Doc. 24) at 6-8, the Eleventh Circuit unanimously rejected that argument, 2024 WL 2812981, at *4-5; *id.* at *16 n.3 (Rosenbaum, J., dissenting). That argument, it explained, would "overread" the Supreme Court's decision in *Summers* and contradict the weight of authority. *Id.* at *4. "And as a first-principles matter, … [there's] no persuasive reason to think that the *United States Constitution* concerns itself with the particular name." *Id.* Cases like *Georgia Republican Party* (which NAEMT cites here, Mot.7 n.3) do not support a ban on pseudonyms. 2024 WL

1

2812981, at *4. And cases like *Doe v. Stincer* allow associations to use pseudonyms. *Id. Stincer* is notable because, when the Eleventh Circuit "declined" to hold that associations "must specifically name the individual on whose behalf the suit is brought," it was relying on older Fifth Circuit precedents that bind this Court as well. *See Stincer*, 175 F.3d 879, 884 (11th Cir. 1999) (citing *Church of Scientology of Calif. v. Cazares*, 638 F.2d 1272, 1278 (5th Cir. 1981), and *Congress of Racial Equality v. Douglas*, 318 F.2d 95, 102 (5th Cir.1963)).

**2.** While NAEMT claims that Do No Harm's members don't "meet the 'able and ready' standard," Mot.8-9, the Eleventh Circuit rejected a similar argument against similar allegations, 2024 WL 2812981, at *5-6. Like the association's members in *Fearless Fund*, Member A has "affirm[ed] that she is 'ready and able' to apply … in a specific and identified timeframe," 2024 WL 2812981, at *5. *See* Am. Compl. (Doc. 20) ¶¶35-49. "Those allegations … are more than sufficient" to "demonstrate[e] that she would compete … but for [the] race-exclusionary rules." 2024 WL 2812981, at *5. As for NAEMT's argument that Member A must first apply to the scholarship to have standing, Mot.8-9, the Eleventh Circuit rejected that argument too, 2024 WL 2812981, at *5.

**3.** NAEMT argues that Do No Harm lacks associational standing because its members must individually participate, Mot.7, but the Eleventh Circuit rejected that assertion in identical circumstances. It found "no question" that the association met this requirement because "neither the civil-rights claim it asserts nor the preliminary

injunction it seeks necessitates individual proof or requires the individual members' participation." 2024 WL 2812981, at *3. So too here. *See* Opp. (Doc. 25) at 7-9.

**4.** The Eleventh Circuit "reject[ed] any suggestion that § 1981 protects only members of minority groups." 2024 WL 2812981, at *7 n.6. NAEMT advances that suggestion. Mot.11; Reply.6-7. But the Supreme Court has squarely and repeatedly "recognized that § 1981 protects non-minorities, as well." 2024 WL 2812981, at *7 n.6.

**5.** NAEMT improperly raises a First Amendment defense for the first time in its reply brief. *See Jamison v. McClendon*, 476 F. Supp. 3d 386, 418 (S.D. Miss. 2020) (Reeves, J.) ("[A]rguments raised for the first time in a reply brief are waived."). Even if that defense were preserved, the Eleventh Circuit explained why it's wrong. "[T]he Supreme Court has clearly held that the First Amendment does *not* protect the very act of discriminating on the basis of race." 2024 WL 2812981, at *8. It has repeatedly "recognize[d] and enforce[d] the critical distinction between *advocating* race discrimination and *practicing* it." *Id.* And the Supreme Court's recent decision in *303 Creative* didn't upset that precedent: it, too, acknowledged the distinction "between 'status and message.'" *Id.* at *9. Nor is the Eleventh Circuit's decision in *Coral Ridge* (which NAEMT belatedly cites here, Reply.9) on point. 2024 WL 2812981, at *9 n.7.

**6.** *Fearless Fund* supports Do No Harm's position that "NAEMT's race requirement blocks the creation of a contractual relationship." Opp.26-30. Like the defendant in *Fearless Fund*, 2024 WL 2812981, at *6, NAEMT requires winners to "'sign a contract agreeing to [the] scholarship guidelines' in exchange for" money, Am. Compl. ¶19. It's

3

"no answer to say that the contest itself merely facilitates the making of the eventual contract." 2024 WL 2812981, at *7. "The Supreme Court has made clear that § 1981 protects 'would-be contractor[s]'—here, the contestants—to the same extent that it protects contracting parties." *Id.*; *accord* Opp.26-30.

This Court should deny NAEMT's motion to dismiss.

Dated: June 6, 2024                                                                Respectfully submitted,

/s/ *Cameron T. Norris*
Thomas R. McCarthy (DC Bar No 489651)*          Emily S. Nobile (MS Bar No. 101475)
Cameron T. Norris (VA Bar No 91524)*               P.O. Box 6592
Frank H. Chang (DC Bar No 1686578)*               Gulfport, MS 39506
C'Zar Bernstein (DC Bar No 1736561)*               (601) 493-9350
CONSOVOY MCCARTHY PLLC                              esnobile@gmail.com
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
frank@consovoymccarthy.com
czar@consovoymccarthy.com

*pro hac vice

*Attorneys for Do No Harm*

## CERTIFICATE OF SERVICE

I e-filed this document with the Court, which will e-mail everyone requiring service.

Dated: June 6, 2024                                                                /s/ *Cameron T. Norris*

4